# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | | |
|---|---|---|
| Rosanne Edwards Murphy, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.: 2:05-2755-CWH |
| | ) | |
| versus | ) | |
| | ) | |
| Dallas Police Department, Internal Affairs Division, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |

On September 23, 2005, the plaintiff, a resident of South Carolina, filed a complaint *pro se* against the Dallas Police Department. On October 4, 2005, Magistrate Judge George C. Kosko filed a report and recommended that this action be dismissed for lack of jurisdiction. On October 19, 2005, the plaintiff filed objections to the magistrate judge's report and recommendation.

The plaintiff claims that in 1993, while she was living in Dallas, Texas, a neighbor called the police to investigate a domestic disturbance at the plaintiff's residence. The plaintiff alleges that the police inflicted mental harassment and bodily infliction by force upon her while she was a victim of assault and battery from her spouse. She seeks justice and compensation. In addition, the plaintiff seeks to bring criminal charges against the police officers.

The plaintiff has filed a complaint with the Internal Affairs Division of the Dallas Police Department. However, she does not have standing in this Court to seek criminal charges against the police officers. Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973). Because the plaintiff does not have a judicially cognizable interest in the criminal prosecution of another person, the

plaintiff lacks standing to raise such a civil claim.

Although the plaintiff's *pro se* complaint is liberally construed and complete diversity of the parties exists, this case is untimely as a diversity action or as a civil rights action.  First, in diversity actions, the United States District Court for the District of South Carolina follows the choice of law rules of South Carolina.  Klaxon Co. v. Stentor Elec. Mfg. Co,. 313 U.S. 487, 496 (1941). South Carolina follows *lex loci delicti* or the law of the place where the tort was committed.  Hughes v. Doe, 316 S.E.2d 383, 384 (1984).  Second, in civil rights cases, a federal court must follow the applicable state's general personal injury statute of limitations.  Wilson v. Garcia, 471 U.S. 261, 265-280 (1985).  Therefore, the Texas statute of limitations applies to both diversity actions and civil rights actions, and the Texas statute of limitations period is two years. TEX. CODE ANN. §16.003 (Vernon 2002).  Because the incidents at issue took place prior to the plaintiff's commencement of psychiatric treatment in 1998, the Texas tolling provision for persons under disability does not apply.  TEX. CODE ANN. §16.001 (Vernon 2002).  Therefore, the statute of limitations bars the plaintiff's claim for intentional infliction of emotional distress and any other cognizable tort or civil rights action.

Although the statute of limitations is an affirmative defense under Rule 8(c) of the Federal Rules of Civil Procedure, a district court may anticipate clearly apparent affirmative defenses available to the defendants in determining whether process should be issued against the defendants.  Todd v. Baskerville, 712 F.2d 70, 74 (4th Cir. 1983).

Accordingly, the Court adopts Magistrate Judge Kosko's report and recommendation and dismisses this action without prejudice and without service of process for expiration of the statute of limitations and lack of subject matter jurisdiction.

**AND IT IS SO ORDERED.**

_/s/ C. Weston Houck_
_____
C. WESTON HOUCK
UNITED STATES DISTRICT JUDGE

Charleston, South Carolina
October 31, 2005